a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCUS FORD #2016050004,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-01525<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ANASTASIA WILEY ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Marcus Ford ("Ford"). Ford is a pretrial detainee at Winn Correctional Center who challenges the conditions of his confinement and the criminal charges pending against him.

Because Ford fails to state a viable constitutional claim for mold exposure, and his criminal case is ongoing, the case should be DISMISSED as to the conditions of confinement, and STAYED as to the claim of unlawful arrest and imprisonment.

I. Background

Ford alleges that Defendants "tore [his] house up" without a warrant; failed to advise him of his constitutional rights during arrest; tried to get him to confess to a crime that he did not commit; "swapped [his] money out with counterfeit money"; "committed perjury and lied on police statements"; and unlawfully tapped his phone. ECF No. 1 at 6.

1

Ford also asserts that he is being detained in a dorm with "black mold," which is affecting his health. *Id.*

## II. Law and Analysis

### A. Ford's Complaint is subject to preliminary screening.

As a prisoner proceeding *in forma pauperis* who is seeking redress from an officer or employee of a governmental entity, Ford's Complaint is subject to preliminary screening under § 1915A and § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both sections provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b); 1915A.

### B. Ford's claims regarding the lawfulness of his arrest should be stayed.

In *Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994), the United States Supreme Court held that a § 1983 claim is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. The *Heck* Court held that a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

The Supreme Court applied a modified version of the *Heck* bar to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations. *Id.*

Ford alleges that the search of his residence and his arrest were unlawful. His criminal proceeding is ongoing. Accordingly, the civil rights claim for damages related to those proceedings should be stayed.

C. Ford's claim regarding the conditions of his confinement should be dismissed.

"[T]he Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). To state a viable claim of unconstitutional conditions of confinement, a plaintiff must allege that: (1) his confinement resulted in a deprivation that was objectively sufficiently serious; and (2) that prison officials acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825 (1994).

To be sufficiently serious, the prison official's act or omission must result in the denial of the minimal civilized measures of life's necessities. *See Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). To adequately allege deliberate

3

indifference, a plaintiff must assert that the defendants: (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; and (2) they actually drew an inference that such potential for harm existed. *Farmer*, 511 U.S. at 832.

Courts who have examined claims for mold in prison settings[1], and complaints of generalized physical maladies, such as exacerbation of asthma and allergy symptoms[2], have found these and similar illnesses insufficient to support a claim for unconstitutional conditions of confinement. Ford's mold claim likewise fails to state a claim upon which relief may be granted and should be dismissed.

---

[1] *See Harrell v. Gusman*, 15-CV-401, 2015 WL 13736179, at *3 (E.D. La. 2015), *report and recommendation adopted,* 2016 WL 1165753 (E.D. La. 2016) (citing *Eaton v. Magee*, 2:10-cv-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); *Barnett v. Shaw*, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation*), report and recommendation adopted*, 2011 WL 2214383 (N.D. Tex. June 7, 2011); *Reynolds v. Newcomer*, 09-CV-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (plaintiff's complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a de minimis level of imposition with which the Constitution is not concerned" (quotation marks omitted) ); *McCarty v. McGee*, 2:06-CV-113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.")).

[2] *See Hennington v. Gorsuch*, 6:20-CV-00302, 2022 WL 18276844, at *8 (E.D. Tex. Nov. 28, 2022), *report and recommendation adopted*, 2023 WL 175171 (E.D. Tex. Jan. 12, 2023) (citing *Wilson v. State Counsel for Offenders*, 2010 WL 3056657 *5-6 (S.D. Tex. Jul. 30, 2010); *Mayes v. Travis State Jail*, 2007 WL 1888828 (W.D. Tex. June 29, 2007) (finding as de minimis inmate's claims for recurrent sinus infections allegedly due to mold and mildew exposure); *Smith v. Fox*, 2006 WL 2090170 *6 (D.S.C. 2006) (finding as de minimis inmate's claims of migraines and sores in his nose and mouth due to mold and mildew in his cell); *Gill v. Shoemate*, 2006 WL 1285412 at *5 (W.D. La. May 8, 2006) (finding as de minimis complaints of headaches and eye and throat irritation following exposure to mold, mildew, dust, and fumes); *Vega v. Hill*, 2005 WL 3147862 (N.D. Tex. Oct. 14, 2005) (finding that conclusory allegations of "bad headaches, sleeplessness," and "dizziness" due to exposure was insufficient to establish a physical injury that was more than de minimis)).

## III. Conclusion

Because Ford fails to state a viable claim for mold exposure, and his criminal case is ongoing, IT IS RECOMMENDED that the claim regarding the conditions of his confinement be DENIED and DISMISSED WITH PREJUDICE under § 1915A and § 1915(e)(2), and the claim regarding the allegedly unlawful arrest and imprisonment be STAYED pending the conclusion of his criminal proceedings.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, January 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE